**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TANESHA MARTIN,

Plaintiff,

v. Case No.: 6:26-cv-01260-JSS-LHP

LUCY BARCALDO, ROMELIA GALINDEZ, TAMIKA PRESTON, NANDI LOWE, PADSPLIT,

Defendants,

---

**ORDER**

Plaintiff Tanesha Martin, proceeding *pro se*, has filed a complaint against the above-named Defendants asserting disability discrimination claims under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B) ("FHA"). Doc. No. 1. Now before the Court are two motions filed by Plaintiff: a motion to disqualify Magistrate Judge Leslie Hoffman Price (Doc. No. 3), and a motion to seal (Doc. No. 4).[1] Upon consideration, the motion to disqualify is due to be denied, and the motion to seal is due to be denied without prejudice.

[1] Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 2) which the Court will address in due course following review under 28 U.S.C. § 1915.

*A. The Motion to Disqualify (Doc. No. 3)*

Plaintiff seeks the undersigned's[2] recusal pursuant to 28 U.S.C. §§ 144 and 455 based on an alleged "history or and clear questionable ability to prejudice" Plaintiff. *Id.*, at 1. Plaintiff also notes that the undersigned has presided over prior cases involving Plaintiff, and states that she has filed a lawsuit against the undersigned, and therefore the undersigned's ability to remain impartial and/or avoid prejudice against Plaintiff is now in question. *Id.*, at 1-2.[3]

Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" In addition, "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . It shall be accompanied by a certificate of counsel of record

[2] Plaintiff also seeks the recusal of United States District Judge Anne-Leigh Gaylord Moe. However, Judge Moe is not the Presiding District Judge in this case, therefore the Court treats the motion as solely seeking the undersigned's recusal.

[3] At last count, Plaintiff has filed ten (10) separate lawsuits in this Court in the past 12 months, including the present case: *Lake Tyler Manor LLC v. Martin*, No. 6:25-cv-01869-JSS-DCI; *Baracaldo v. Martin*, No. 6:25-cv-02218-AGM-DCI; *Martin v. FAMU*, No. 6:25-cv-01537-CEM-DCI; *Martin v. Correctional Sgt. William Gartrell et. al*, No. 6:25-cv-01620-JSS-RMN; *Martin v. Atrium Management Co. et. al.*, No. 6:25-cv-01671-JSS-DCI; *Martin v. Atrium Management Co. et. al.*, No. 6:25-cv-01672-JSS-DCI; *Martin v. Baracaldo et. al*, 6:25-cv-02300-JSS-LHP; *Martin v. Advent Health Kissimmee et. al*, No. 6:26-cv-00128-JSS-NWH; *Martin v. Allen et. al*, 6:26-cv-01100-PGB-NWH; *Martin v. Barcaldo et. al*, No. 6:26-cv-01260-CEM-LHP. Plaintiff has filed a complaint against the undersigned and United States District Judge Anne-Leigh Gaylord Moe in Case No. 6:26-cv-1100.

stating that it is made in good faith." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted). "Properly pleaded facts in a § 144 affidavit must be considered as true." *Id.*

Here, Plaintiff has not provided an affidavit or a certificate of good faith, therefore to the extent she seeks the undersigned's recusal or disqualification under 28 U.S.C. § 144, that request is denied.[4] *See Palmer v. CVS Pharmacy, Inc.*, No. 1:19-CV-03178-SDG, 2019 WL 12872748, at *2 (N.D. Ga. Dec. 3, 2019) ("The absence of an affidavit and certificate of counsel is fatal to even a *pro se* litigant's recusal motion under § 144." (collecting cases)).

Under 28 U.S.C. § 455, a federal judge must disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal

[4] Even if the undersigned were to address Plaintiff's motion under 28 U.S.C. § 144, the undersigned's analysis would not change, as "the test is the same" under both 28 U.S.C. § 144 and 28 U.S.C. § 455 when determining whether a federal judge should recuse. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980). *See also United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983) (noting that a trial judge does not immediately recuse himself when an affidavit of personal bias or prejudice is filed under section 144, but the judge must consider the legal sufficiency of the affidavit and the test for the legal sufficiency of a motion for disqualification is the same under 28 U.S.C. § 455 and 28 U.S.C. § 144); *Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2015 WL 12852310 (M.D. Fla. June 8, 2015), *aff'd* 650 F. App'x 744 (11th Cir. 2016) (applying same standards in denying motion to disqualify under both 28 U.S.C. §§ 144 and 455); *Ain Jeem, Inc. v. Individuals, Partnerships , & Unincorporated Associations Identified on Schedule A*, No. 8:21-cv-1331-VMC-AEP, 2022 WL 1619096 (M.D. Fla. May 23, 2022) (same).

bias or prejudice concerning a party," has participated as counsel in the matter, has a financial interest in the matter, or she or her spouse is a party, lawyer, or witness involved or has an interest in the outcome of the proceeding. 28 U.S.C. § 455(a), (b). "The . . . purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citations omitted). The standard for recusal under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Patti*, 337 F.3d at 1321).

For disqualification to be warranted under § 455, a judge's bias must be "personal as distinguished from judicial in nature" and "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188–89 (11th Cir. 1986) (citation omitted). However, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. Indeed, a judge, having been assigned to a

case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d at 895 (citations and quotation marks omitted).

While not entirely clear, it appears that Plaintiff's first argument with regards to recusal or disqualification relates to the undersigned's rulings in prior cases involving Plaintiff. The lack of specificity itself renders Plaintiff's motion unpersuasive. But even if Plaintiff had identified specific orders or reports and recommendations in other cases, "[o]rdinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). *Accord Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature. As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." (citations and quotation marks omitted)); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." (citation omitted)); *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to

adverse rulings are generally grounds for appeal, not recusal."). Accordingly, the undersigned finds no basis for disqualification.

Plaintiff's second argument, that she has filed suit against the undersigned, fares no better. Plaintiff seeks to assert claims against the undersigned and Judge Moe under a variety of federal statutes based, as it to pertains to the undersigned, on an alleged refusal to "report or help free" Plaintiff after she allegedly complained to the undersigned in another case that she "was trafficked by a company called Padsplit." Case No. 6:26-cv-1100-PGB-NWH, Doc. No. 1. However, it is clear that absolute judicial immunity applies to federal judges, including the undersigned, when the actions complained of were taken while acting in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Washington Mut. Bank v. Bush*, 220 F. App'x 974, 975 (11th Cir. 2007); *Eubank v. Leslie*, 210 F. App'x 837, 845 (11th Cir. 2006); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). The undersigned's sole involvement with Plaintiff has been in the role of assigned Magistrate Judge to Plaintiff's cases, and the allegations against the undersigned clearly relate to acts the undersigned performed in that capacity. As such, the undersigned finds that Plaintiff's lawsuit is frivolous and a mere attempt to ensure that the undersigned is prevented from performing her judicial duties, in the hopes of Plaintiff receiving a more favorable Magistrate Judge.

If the undersigned were to recuse from this case based on the fact that Plaintiff has filed suit against the undersigned in another case, this case would merely be shifted to another judge who, by all accounts, Plaintiff would also file suit against. The undersigned will not recuse and permit Plaintiff to engage in such abusive judge-shopping. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 233 (11th Cir. 2008) (finding no error where district judge refused to recuse himself after *pro se* plaintiff named district judge as a defendant in a baseless lawsuit containing frivolous allegations); *Cuyler v. Presnell*, No. 6:11-cv-623-Orl-22DAB (M.D. Fla. July 8, 2011) (Doc. 9 at 2 ¶ 2) ("The Court will not further enable the Plaintiffs in their abusive strategy of judge-shopping. Under these unique circumstances, the undersigned judge determines that her recusal is unwarranted.").

Accordingly, Plaintiff's motion for recusal and/or disqualification (Doc. No. 3) is **DENIED.**

*B. The Motion to Seal (Doc. No. 4)*

Plaintiff has also filed a motion "requesting the Cases involving Tanesha Martin on every docket" be sealed "due to the medical information and HIPPA protections associated with my Disability discussed in this complaint." Doc. No. 4. Doc. No. 4. The motion is due to be denied for several reasons. First, the motion does not provide a memorandum of legal authority as required by Local Rule 3.01(b). Nor does the motion comply with the requirements for sealing matters in

a civil case as set forth in Local Rule 1.11. Relatedly, Plaintiff does not explain why a motion filed in this case would be sufficient to seal all ten of her cases filed in this District, does not explain how HIPPA would apply to this Court or any of the parties in this case, and does not explain why targeted sealing or redaction of specific information would not be sufficient as opposed to wholesale sealing of the entire case. The Court further notes that Plaintiff's complaint alleges disability discrimination claims, thus it stands to reason that she is placing her medical condition(s) at issue in this case, calling into question whether sealing would be appropriate.

Accordingly, the motion (Doc. No. 4) is **DENIED without prejudice**. Any renewed motion must comply in full with the Local Rules and Federal Rules of Civil Procedure and provide legal authority in support of any relief requested. Plaintiff is cautioned that although she proceeds *pro se*, all filings in this matter must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties